*Municipal Court of the City of Boston*
No. 90267

## JOHN SEXTON & CO., INC.
### v.
## OLDE FIELD FOOD PRODUCTS, INC.
### AND
## STOP AND SHOP, INC., TR.
(April 10—May 4, 1964)

*Present*: Adlow, C. J., Gillen & Lewiton, JJ.

Case tried to *Mottola, Sp. J.*

*Adlow, C. J.* In an action of contract commenced by a trustee writ to recover for goods sold and delivered, the trustee answered that

it was holding funds due to the defendant in the amount of $2,572.50. Shortly after the filing of the trustee's answer, Sumner Z. Kaplan filed with the court a "Petition for Admission as a Party", and a motion to discharge the trustee.

*There was evidence that* on January 29, 1963, Doran Foods, Inc., loaned $16,000 to Olde Field Food Products, Inc., and took a Security Agreement which covered all the assets of said Olde Field Food Products, Inc. A financing statement of this Security Agreement was duly recorded in the appropriate recording office on February 19, 1963. Under this agreement Sumner Z. Kaplan was designated trustee as the court found "to protect his client's interest". This Security Agreement purported to convey to the trustee "a security interest in all the debtor's accounts, contract rights, chattel paper, instruments, inventory, and equipment—now owned and hereafter acquired in the ordinary course of business by the Debtor." Obviously the debt owed by the trustee to the Olde Field Food Products, Inc., was embraced by the Security Agreement and vested a right to same in Sumner Z. Kaplan, Trustee under the Security Agreement.

The court expressly found that the Security Agreement was given for a good and valid consideration, and that the notice of agreement was perfected and recorded prior to the time the writ in issue was served on the trustee. Under these circumstances the court

acted properly in allowing the Trustee's "Petition for Admission as a Party". Equally proper was the allowance of Sumner Z. Kaplan's petition to discharge the trustee.

It is unnecessary to examine separately the requests filed by the plaintiff. It is sufficient for our purposes to note that the Security Agreement was given to secure the performance of an obligation, a type of transaction expressly excluded from the requirements of the Bulk Transfer Law, so called. G. L. c. 106, §6-103 (1).

It appears that the Trustee named in the Security Agreement complied with the legal requirement that a financing statement must be filed to perfect all security interests. G. L. c. 106, §9-302 (1). In these circumstances the right of the Trustee, Sumner Z. Kaplan, to the debt owing from Stop and Shop, Inc. to Olde Field Food Products, Inc., is clear and distinct. The money cannot be said to be due to the Olde Field Food Products, Inc. "absolutely and without contingency", and the court properly ruled that the trustee should be discharged. G. L. c. 246, §24.

*Report dismissed.*

Joseph Krinsky, of Boston, for the Plaintiff.
Harold Katz, of Boston, for Sumner Z. Kaplan, the Intervenor.